# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75413-1-I |
|  | ) |  |
| Respondent, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LONNIE RAY CARTER, | ) | UNPUBLISHED OPINION |
|  | ) |  |
| Appellant. | ) | FILED: February 12, 2018 |
|  | ) |  |

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2018 FEB 12 AM 10: 26

PER CURIAM.   Lonnie Ray Carter appeals the sentence imposed following his guilty plea to misdemeanor harassment, forgery, and possession of cocaine.  Carter's counsel on appeal contends, and the State concedes, that community custody on the forgery sentence was unauthorized, the no-contact provisions regarding Deputy Crawley on the drug and forgery counts are not crime-related, the no-contact provision as to Harpal Bual on the drug count is not crime-related, and the judgment and sentence contains scrivener's errors in its statutory citations.  We accept the State's concessions and remand with instructions to amend the judgment and sentence consistent with this opinion.

No. 75413-1-I/2

In a Statement of Additional Grounds,[1] Carter contends his counsel "labored under an actual conflict of interest." SAG at 1. He contends the conflict resulted in a sentence that failed to provide him sufficient security from alleged contracts for his murder. He alleges his trial counsel knew he wanted a sentence that could be served in protective custody because he "is a 'Target' for 'Murder'" "[f]or being a 'Government Informant [.]'" SAG at 2. He claims counsel failed to inform him that a Drug Offender Sentencing Alternative (DOSA) could not be served in the prison's Intensive Management Unit or other forms of protective custody. He concludes conflict-free counsel would have obtained a sentence providing the protection he sought.

Carter's claim involves matters largely outside the record and is therefore reviewable only in a personal restraint petition. State v. McFarland, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). The record contains no declarations regarding his alleged conversations with counsel. Nor does his quotation from the plea hearing reveal the nature of any discussions with counsel. Carter did file a motion to discharge counsel the day before sentencing, but that motion involved counsel's pretrial conduct, not his conduct at sentencing, and is based in part on matters outside this court's record.

Carter also contends the prosecutor and his trial counsel violated his Eighth Amendment rights because they acted "with 'deliberate indifference' and a

---

[1] Carter filed the same Statement of Additional Grounds in this appeal and appeal number 75414-9. The appeals are taken from a single plea and sentencing hearing encompassing two sets of convictions. Because the same attorney represented Carter on all of the matters before the court in those hearings, and because the Statements of Additional Grounds allege that counsel had a conflict of interest, we address the SAG in both appeals.

No. 75413-1-I/3

disregard of Pre-trial Detainee Carter's serious safety concerns[.]" SAG at 2. This claim involves matters outside the record, appears to be moot, and is, in any event, too conclusory to merit review under RAP 10.10(c).

Affirmed in part and remanded in part for amendment of the judgment and sentence.

For the Court:  Trickey, ACJ